# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SERGIO CARLOS SERRANO-CORDERO, et. al. § § § v. § § KROGER, TEXAS, L.P. § | Case No. 4:10-CV-483 Judge Clark/Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Exclude the Testimony, Opinions, and Reports of Plaintiff's Expert Russ Kendzior (Dkt. #48). Having considered the relevant pleadings, the Court finds Defendant's motion should be denied.

## BACKGROUND FACTS

Plaintiff worked as a Bakery Clerk for Defendant Kroger, and filed this suit for injuries he contends were sustained while cleaning the bakery cooler in Defendant's store (Dkt. #48 at 2). Plaintiff sued Defendant alleging general negligence, premises liability, and gross negligence. *Id*.

On June 25, 2012, Defendant filed its Motion to Exclude the Testimony, Opinions, and Reports of Plaintiff's Expert Russ Kendzior (Dkt. #48). Plaintiff filed its response on July 13, 2012 (Dkt. #51).

## LEGAL STANDARD

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993), the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the

1

practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kumho*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exhaustive list of factors that courts may use in evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593-94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert,* 509 U.S. at 594.

The *Daubert* factors are not "a definitive checklist or test." *Daubert,* 509 U.S. at 593. As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id*. at 594. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound

discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citation omitted).

## ANALYSIS

Defendant moves to exclude the testimony of Russ Kendzior ("Kendzior") under Federal Rule of Evidence 702. Defendant asserts that Kendzior is unqualified to render an opinion because he lacks scientific, technical, or other specialized knowledge to help the trier of fact understand the evidence or determine a fact in issue (Dkt. #48 at 5). Defendant further asserts that Kendzior's opinions are not reliable and not relevant. *Id*. at 6-8.

"When expert testimony has been challenged, it is incumbent upon the court to conduct a preliminary fact-finding to determine whether the expert is qualified to render the proffered opinions and whether the substance of the testimony is both reliable and relevant." *Allison v. NIBCO, Inc.*, No. 9:02-CV-172, 2003 WL 25685229, at *1 (E.D. Tex. May 21, 2003). The court must also articulate its basis for admitting expert testimony. *See Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 581 (5th Cir. 2001). To be reliable, and therefore admissible under Rule 702 of the Federal Rules of Evidence, expert testimony as to a scientific, technical or other specialized area must: (1) assist the trier of fact to understand the evidence or to determine a fact in issue; (2) be based upon sufficient facts or data; (3) be the product of reliable principles or methods; (4) and have reliably applied the principles and methods to the facts. FED. R. EVID. 702. "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et. alia." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007).

The party offering the expert testimony has the burden of establishing by a preponderance of the evidence that the challenged testimony is admissible. *Moore v. Ashland*

*Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). It is not necessary for the proponent to prove that the expert's testimony is correct, but the proponent must prove the testimony is reliable. *Id*.

First, Defendant challenges the qualifications of Kendzior to testify as an expert. An expert witness may be qualified by "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Kendzior has a Bachelor of Science Degree in Mathematics (Dkt. #51 at Exhibit 2). In 1997, Kendzior became the Founder and Chairman of the Board of the National Floor Safety Institute, whose mission is to "aid in the prevention of slip's, trip's-and-fall's through education, research, and standards development." *Id*. Further, in 1990, Kendzior became President of Traction Plus, Inc., which is a developer of a line of slip-and-fall prevention products. *Id*. Kendzior is a member of several professional associations related to safety, published books and articles related to safety in the slip-and-fall context, and made numerous presentations on this subject. *Id*. at Exhibit 4. It is clear to the Court that Kendzior is qualified by virtue of his knowledge, skill, and experience in this area to testify as an expert witness in this case.

Second, Defendant argues that Kendzior's opinions that (1) Kroger did not provide slip-resistant shoes; and (2) Kroger did not provide adequate training are inadmissible because they are not helpful to the jury, not based on sufficient facts or data, and not based on reliable principles or methods. In addition, Defendant argues that Kendzior should have conducted some independent testing on the shoes to determine the slip resistant nature of the shoes.

The Court finds that the testimony of Kendzior is relevant to assist the trier of fact to determine a fact in issue. The Court has determined that material fact issues exist regarding whether: (1) Defendant had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the employer failed to

exercise reasonable care to reduce or eliminate the risk of harm, and (4) the employer's failure to use care proximately caused the employee's injuries. Kendzior's testimony and opinions are relevant to whether Defendant provided adequate slip resistant shoes and trained Plaintiff appropriately. Therefore, this evidence may assist the trier of fact to determine a fact in issue.

The Court also finds that Kendzior's opinion is based on sufficient facts and data, and is reliable. Kendzior reviewed Plaintiff's deposition, performed a site inspection on April 9, 2012, interviewed Plaintiff, and reviewed photographs of the shoes Plaintiff was wearing at the time of his slip-and-fall. Further, it appears that Kendzior reviewed the policies and procedures of Defendant and attached a relevant portion of these policies to his expert report. In this case, the testimony is based mainly on the personal observations, professional experience, and training of the expert witness. A witness' experience, studies and education, combined with a review of the relevant materials can provide a reliable basis for expert testimony. *Perez v. City of Austin*, No. A-07-CA-044 AWA, 2008 U.S. Dist. LEXIS 36776, *32-33 (W.D. Tex. 2008); *see also Pipitone*, 288 F.3d at 247(citing *Kumho*, 526 U.S. at 137 ("no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.")). There is no need for an expert witness to conduct additional testing on the evidence in order to form an admissible opinion. Further, Defendant's concerns regarding the testimony of these expert witnesses may be addressed in cross-examination. "'[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" *Allison,* 2003 WL 25685229, at *1 n.1 (citing *United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id*.

The Court finds that Kendzior's expert report and opinions meet the requirements of Federal rule of Evidence 702, and are sufficiently reliable to form the basis for an expert opinion. Therefore, the Court finds that Defendant's motion to exclude the testimony, opinions, and reports of Kendzior should be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Exclude the Testimony, Opinions, and Reports of Plaintiff's Expert Russ Kendzior (Dkt. #48) be **DENIED**.

**It is SO ORDERED.**

**SIGNED this 15th day of August, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE