IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SERGIO CARLOS SERRANO-CORDERO, ET AL., | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO. 4:10cv483 Judge Clark/Judge Mazzant |
| KROGER TEXAS, L.P., | § § § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 15, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that defendant's Motion for Summary Judgment [Doc. #45] be granted in part and denied in part.

On September 4, 2012, defendant Kroger Texas, L.P. filed its Objections to Report and Recommendation of United States Magistrate Judge [Doc. #58]. Defendant asserts that those portions of the Magistrate Judge's opinion recommending granting summary judgment for defendant on plaintiff's claims of negligence and gross-negligence are properly reasoned and should be adopted by the court. However, defendant contends that the Magistrate Judge improperly interpreted Texas law's "temporal evidence" requirement and erroneously concluded that defendant's motion for summary judgment on plaintiff's premises liability claim should be denied.

1

First, defendant objects that Texas law requires temporal evidence of the particular hazard [Doc. #58 at 2]. Defendant contends that plaintiff offers no evidence of the particular hazard in question, and that the Magistrate Judge improperly relied on evidence of a general knowledge that a hazard can develop over time. The court agrees with defendant that the "unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place the injury occurs, not some antecedent situation that produced the condition." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006). Further, "knowledge that premises will deteriorate over time does not equate to knowledge of a condition that presents an unreasonable risk of harm." *CMH Homes v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000).

An employer owes a duty to its employees to protect them from dangerous conditions that are known or reasonably discoverable. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To prevail, plaintiff must demonstrate that defendant had actual or constructive notice of the condition. *Id*. Plaintiff can satisfy this burden by establishing that (1) defendant placed the substance on the floor, (2) defendant actually knew that the substance was on the floor, or (3) that it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Id*.

There is sufficient evidence in the summary judgment record before the court to create a material fact issue as to whether the condition of the floor was known or reasonably discoverable by defendant. There is no evidence that defendant placed the substance on the floor. However, there is some evidence to indicate that defendant actually knew that the substance was on the floor. Plaintiff testified that he arrived at work and was preparing for a truck to make a delivery to the bakery [Doc. #49, Ex. J at 28]. At this time, plaintiff testified that he was already at work for 30

minutes to an hour when Alicia, a co-worker, told him that Yolanda, the bakery manager, asked plaintiff to clean the room in which he eventually fell. *Id.* It is unclear from the record whether Yolanda, the bakery manger, knew that the floor was greasy or dirty; however, plaintiff testified that the floor was often greasy or dirty and that they did not often wash the floor with the pressure washer. *Id.* at 36-37. A material fact issue exists as to whether the bakery manager knew of the greasy condition of the floor, which is what led her to ask plaintiff to clean it with the pressure washer. Further, a material fact issue exists as to whether the condition existed long enough to allow a reasonable opportunity to discover the condition of the greasy floor. Plaintiff testified that the bakery manager left at the end of her shift, which ended prior to the beginning of his shift. *Id.* at 81. Plaintiff indicated that the bakery manager left around 3:00 p.m., and plaintiff's shift began around 2:00 p.m. or 3:00 p.m. *Id.* There was no supervisor on duty after the bakery manager left her shift. *Id.* Plaintiff also testified that he was asked to clean the floor after he had been at his shift for at least 30 minutes. There is evidence sufficient to create a material fact issue as to whether the floor was greasy long enough to provide defendant with a reasonable opportunity to discover it. A reasonable jury could conclude, based on the evidence in the record, that defendant had either actual or constructive knowledge of the condition. In considering a motion for summary judgment, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Therefore, the court finds that plaintiff provided sufficient evidence to create a fact issue as to whether defendant had actual or constructive knowledge of the condition.

Defendant also objects that the Magistrate Judge misinterpreted testimony or misapplied Texas law regarding plaintiff's appreciation of the condition. An employer owes no duty to warn of hazards that are commonly known or already appreciated by an employee. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). The court disagrees with defendant's assertion that "Judge Mazzant apparently agrees that Kroger had no duty to warn Plaintiff of the water because he had already appreciated it" [Doc. #58 at 8]. The Magistrate Judge concluded that there was a material fact issue, noting that plaintiff testified that he did not see the grease until he was cleaning the floor [Doc. #56 at 13]. Further, plaintiff testified that he was not familiar with how to use the pressure washer and the particular chemical agents to clean that particular floor [Doc. #49 at 39]. Plaintiff stated that he did not see the grease before he fell. *Id*. at 37-38. The court cannot make a credibility determination or weigh the evidence, because it is within the province of the jury to make such determinations. *See Turner*, 476 F.3d at 343. Further, all justifiable inferences are to be drawn in favor of the plaintiff. *Anderson*, 477 U.S. at 255. Therefore, the court finds that a material fact issue exists as to whether plaintiff already appreciated the hazards present in the cooler, such as the presence of the grease and the combination of grease, soap, and chemicals on the cooler floor.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes defendant's objections are without merit and are, therefore, overruled. This court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is therefore **ORDERED** that defendant's Motion for Summary Judgment [Doc. #45] is hereby GRANTED in part, and plaintiff's negligence and gross negligence claims are DISMISSED with prejudice.

So **ORDERED** and **SIGNED** this **10** day of **September, 2012.**

_____
Ron Clark, United States District Judge